**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
ANTHONY HUFF,                    :
                                :   Civil Action No. 09-0426 (RMB)
              Plaintiff,        :
                                :
              v.                :   MEMORANDUM OPINION
                                :
ATLANTIC COUNTY JUSTICE         :
FACILITY,                       :
                                :
              Defendant.        :
```

**APPEARANCES:**

Plaintiff pro se
Anthony Huff
c/o Michelle Wright
107 S. thoreau Terrace
Galloway, NJ 08205

**BUMB**, District Judge

Plaintiff Anthony Huff, a prisoner confined at Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement

of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend

installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  Specifically, Plaintiff failed to include the required six-months certified institutional account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).  In addition, Plaintiff submitted two applications to proceed in forma pauperis, in one of which he indicated that he receives "rent payments, interest or dividends," but he failed to answer the follow-up instruction to "describe each source of money and state the amount received and what you expect you will continue to receive."

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

In addition, the sole named defendant is Atlantic County Justice Facility.  A jail, however, is not a "person" amenable to suit under 42 U.S.C. § 1983.  See Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E. D. Va. 1992). Thus, no § 1983 civil rights claim can proceed against the Atlantic County Justice Facility.

Finally, the Complaint is dated January 19, 2009.  Plaintiff complains that he was strip-searched upon his entry to the jail in 2003, 2004, and 2006.  Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.  Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." <u>Bethel v. Jendoco Construction Corp.</u>, 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). <u>See also</u>, <u>e.g.</u>, <u>Jones v. Bock</u>, 127 S.Ct. 910, 920-21 (2007); <u>Pino v. Ryan</u>, 49 F.3d 51, 53 (2d Cir. 1995); <u>Hunterson v. DiSabato</u>, 2007 WL 1771315 (3d Cir. 2007).

All of Plaintiff's claims accrued more than two years before the January 19, 2009, date of the Complaint. Plaintiff has failed to allege any facts that would suggest a basis for tolling the limitations period. Accordingly, all of the claims appear to be time-barred.

CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted leave to move to re-open within 30 days.  Any such motion to re-open must be accompanied by a proposed amended complaint which addresses the other deficiencies of the Complaint noted herein.

An appropriate Order will be entered.


                                        s/Renée Marie Bumb
                                        Renée Marie Bumb
                                        United States District Judge


Dated: February 5, 2009

6